# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application of | ) |
| | ) |
| | ) |
| TECNOLOGIAS RELACIONADAS CON | ) |
| ENERGIA Y SERVICIOS | ) |
| ESPECIALIZADOS, S.A. DE C.V. | ) |
| ("TRESE"), and | )   No. 25 mc- |
| | ) |
| GRUPO EMPRESARIAL ANACAR, S.A. de | ) |
| C.V. ("ANACAR"), | ) |
| | ) |
| Applicants, for an Order Pursuant to : | ) |
| 28 U.S.C. § 1782 to Conduct Discovery : | ) |
| for Use in Foreign Proceedings | ) |
| | ) |

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Tecnologias Relacionadas con Energia y Servicios Especializados, S.A. de C.V. ("TRESE") and its bankruptcy trustee, Grupo Empresarial Anacar, S.A. de C.V. ("Anacar") (collectively, "Applicants") hereby file this *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application"),[1] and respectfully ask this Court to grant the Proposed Order attached as Exhibit A to this Application, which gives Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve The Bank of New York Mellon, Alvarez & Marsal, and United

---

[1] District courts may, and indeed typically do, grant Section 1782 relief on an *ex parte* basis. *See In re Clerici*, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting *ex parte* § 1782 application); *In re Eurasian Bank Joint Stock Co*., No. 15-mc-106, 2015 WL 6438256, at *1 (N.D. Tex. October 21, 2015) ("[T]he Court notes that *ex parte* filing of an application for discovery under 28 U.S.C. § 1782 is permissible."); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing, *inter alia*, *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012) and *In re Edelman*, 295 F.3d 171, 173-75 (2d Cir. 2002)).

Overseas Bank New York Agency with the subpoenas attached as Exhibit B to this Application, and in support thereof states as follows:

1.      The requested relief is for the purpose of obtaining necessary discovery in aid of ongoing foreign bankruptcy proceedings and related disputes (collectively, "Foreign Proceedings") in the Seventh District Court of Civil Matters in Mexico City and other Mexican courts.

2.      Applicants seek the assistance of this Court to obtain discovery from The Bank of New York Mellon ("BNYM"), Alvarez & Marsal, and United Overseas Bank New York Agency ("UOB NY") (collectively, "Respondents").

3.      Applicant TRESE is a Mexican company that provides services in the energy sector, including services related to oil drilling. It is one of four Mexican companies comprising a consortium ("Consortium") that was awarded a Mexican government contract in 2013 from PEMEX, the Mexican state-owned oil and gas corporation, to obtain, install, and operate a jack-up oil drilling services platform in the Gulf of Mexico ("Service Contract"). To fulfill its obligations under the Service Contract, the Consortium entered into an agreement with Coastal Energy Solutions Pte. Ltd. ("Coastal"), a subsidiary of Coastal Contracts BHD, a company incorporated under the laws of Malaysia. Coastal, in turn, purchased and provided a platform for use on the project. Coastal also obtained financing for the project in the form of a $130 million line of credit from United Overseas Bank ("UOB"), based in Singapore.

4.      In September of 2015, the Consortium, UOB, and Coastal entered into an Irrevocable Trust Agreement, No. CIB/2346 ("Trust Agreement"), with the purpose of managing all payments from PEMEX under the Service Contract. The trust established pursuant to the Trust

Agreement ("Trust") is administered by Mexican banking organization CIBanco S.A., Institución de Banca Multiple ("CIBanco").

5.      As relevant here, the Foreign Proceedings involve questions concerning the disposition of funds that are owed to TRESE and its creditors but have been withheld in defiance of various orders of Mexican courts. In particular, the Foreign Proceedings involve ongoing disputes related to CIBanco's improper administration of the Trust, its failure to remit funds to TRESE consistent with its obligations under the Trust Agreement, and the unlawful diversion of funds owed to TRESE to other entities, including UOB.

6.      TRESE is a party to the Foreign Proceedings in Mexico, including ongoing bankruptcy proceedings and over 90 pending *amparo* actions related to orders of the local bankruptcy judge,[2] and will be a party to additional civil proceedings and criminal proceedings to be filed imminently. Applicant Anacar is TRESE's bankruptcy trustee and representative in those proceedings.

7.      Applicants' narrowly tailored requests are set forth in the subpoenas attached as Exhibit B. Each of these requests is limited and is directly relevant to the Foreign Proceedings.

8.      On information and belief, and for reasons stated in greater detail in the attached Memorandum of Law, Applicants assert that a group of individuals and entities conspired to misappropriate funds paid by PEMEX that were due to TRESE, and to unlawfully transfer those funds to UOB and to other entities yet to be discovered. This misconduct, which is the subject of

---

[2] "Although the *amparo* is a highly complex legal institution ... it is somewhat similar to *habeas corpus* and, *inter alia*, is the means to review and annul unconstitutional judicial decisions" under Mexican law. *In re Ord. Seeking Discovery Under 28 U.S.C. § 1782*, No. 24--152 , 2024 WL 3569022, at *4 (S.D.N.Y. July 12, 2024), *report and recommendation adopted*, No. 24-mc-152, 2024 WL 3567846 (S.D.N.Y. July 29, 2024) (citing cases). "*Amparo* proceedings 'empower[ ] Mexican federal courts to review government action,'" including actions by a bankruptcy judge. 2024 WL 3569022, at *4 (citations omitted). An *amparo* petition to protect individual liberties "is filed in the district court in first instance" and "tried ... by a federal district judge." *Id.*

multiple Foreign Proceedings, ultimately resulted in TRESE's bankruptcy and the appointment of Anacar as bankruptcy trustee. Further, continued unlawful transfers during the course of bankruptcy proceedings have impaired TRESE's ability to honor its debts and repay creditors as required by Mexican law. Evidence set forth in the attached Memorandum of Law and supporting exhibits confirms that at least some of the transfers furthering the scheme have passed through accounts at U.S. financial institutions, including BNYM. Evidence of these transactions is directly relevant to the Foreign Proceedings.

9. As such, Applicants first seek documents and testimony concerning the misappropriation of funds from Mexican bank accounts to UOB in Singapore, including transfers to and through accounts held at BNYM. These include all documents related to accounts identified with particularity that will be relevant to show that members of the Consortium, including Coastal and CIBanco, violated their obligations under the Trust Agreement by seizing control over distributions from the Trust and violated the local bankruptcy court's orders by refusing to remit payments to TRESE, as well as other documents concerning accounts and transactions related to the Trust Agreement.

10. Second, Applicants seek documents and testimony from Alvarez & Marsal concerning details of the significant role played by CIBanco in the scheme to misappropriate funds from TRESE. Alvarez & Marsal Mexico, an affiliate of Alvarez & Marsal, was appointed by Mexican authorities to act as the interim administrator of CIBanco after the United States Treasury recently sanctioned CIBanco for facilitating money laundering in connection with foreign drug trafficking and terrorism.[3] On information and belief, and for reasons stated in greater detail in the

---

[3] *See* United States Dept. of Treasury, *Treasury Issues Historic Orders under Powerful New Authority to Counter Fentanyl* (June 25, 2025), https://home.treasury.gov/news/press-releases/sb0179 (last visited August 6, 2025).

attached Memorandum of Law, Applicants assert that CIBanco has knowingly diverted over $120 million in funds that were owed to TRESE while acting at the direction of Coastal, in furtherance of a scheme to transfer those funds to UOB and other entities. The Mexican Fourth Collegiate Court in Civil Matters of the First Circuit has already explicitly held that CIBanco's refusal to comply with court orders in connection with TRESE's bankruptcy proceedings was "illegal" and "contumacious." Gomez Morin Declaration ¶ 26; *see also* Exhibit C-12 (order of Mexican Fourth Collegiate Court in Civil Matters of the First Circuit).

11. Third, Applicants seek the deposition of a representative of UOB NY, a U.S. affiliate of Singaporean entity UOB, concerning the corporate structure of UOB, including its North American operations, so that TRESE can better understand the flow of the misappropriated funds. Such facts are directly relevant to the Foreign Proceedings. Applicants also seek documents in the possession, custody, or control of UOB NY that are relevant to those misappropriated funds.

12. As set forth in the accompanying declaration of Manuel Gomez Morin Martinez del Rio, TRESE's in-house counsel in Mexico, attached as Exhibit C, the Mexican courts adjudicating many of the over 90 pending *amparo* proceedings related to TRESE's bankruptcy will be receptive to the evidence sought in this Application. Mr. Gomez Morin's declaration is informed, in part, by Mr. Gomez Morin's experience of more than 40 years practicing law in Mexico, including administrative, civil, commercial, bankruptcy, and *amparo* litigation before the Mexican courts.

13. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . .

upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

14. The three statutory requirements of Section 1782 are satisfied here. As explained in the accompanying Memorandum of Law: (1) Respondents are "found" in this district; (2) the discovery sought is "for use" in foreign proceedings; and (3) Applicants are "interested persons" because TRESE is a party to those Foreign Proceedings and Ancar is TRESE's representative in those Foreign Proceedings.

15. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying Memorandum of Law: (1) Respondents are not parties to the Foreign Proceedings; (2) the courts in Mexico adjudicating the pending bankruptcy and *amparo* proceedings are likely to be receptive to judicial assistance from a U.S. court; (3) Applicants are not attempting to circumvent foreign proof-gathering restrictions; and (4) the discovery sought is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

16. Applicants therefore respectfully request that this Court expeditiously grant this *Ex Parte* Application for an Order granting Applicants leave to serve Respondents with the subpoenas attached as Exhibit B.

17. WHEREFORE, Applicants respectfully request that this Court:

    a.    Grant the Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings *ex parte*;

    b.    Enter the Proposed Order attached to this Application as Exhibit A; and

    c.    Grant leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to this Application as Exhibit B.

Date: October 1, 2025

*/s/ Sandeep A. Prasanna*
Sandeep A. Prasanna (No. 5463799)
MILLER & CHEVALIER CHARTERED
900 16th Street, N.W.
Washington, DC 20006
Telephone: (202) 626-5856
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com

*Attorney for Applicant Tecnologias Relacionadas con
Energia y Servicios Especializados, S.A. de C.V.*