UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:   Application of

TECHNOLOGIAS RELACIONADAS CON
ENERGIA Y SERVISIOS
ESPECIALIZADOS, S.A., DE C.V.,          No. 25 – MC – 0435 (JHR) (RFT)
("TRESE"), et al.

Applicants for an Order Pursuant to
28 U.S.C. § 1782 to Conduct Discovery
For Use in Foreign Proceedings.

-------------------------------------------------------------x

## DECLARATION OF CÈSAR GUILLERMO FLORES CHAO

Pursuant to 28 U.S.C. § 1746, I, CÈSAR GUILLERMO FLORES CHAO, declare under the penalty of perjury under the laws of the United States of America that the following statements are true and correct to the best of my knowledge:

1.      I am the Managing Partner of Flores Chao y Asociados, S.C. ("FCA"), which is located in Mexico City, Mexico.  FCA serves as outside counsel for Alvarez & Marsal Mexico ("A&M Mexico) and I have represented A&M Mexico in connection with numerous legal matters involving Mexican law.  I submit this declaration in opposition to TRESE's application (the "Application"), pursuant to 28 U.S.C. § 1782 ("§ 1782"), to take discovery from Alvarez & Marsal Holdings, LLC ("A&M Holdings"), which is a separate legal entity from A&M Holdings.  The Application is presently pending in this Court.

2.    **Purpose of this Declaration:** The purpose of this declaration is to provide a clear and concise explanation of the scope and legal implications of the bank secrecy and fiduciary secrecy obligations established under Article 142 of the Mexican Credit Institutions Law, which directly govern the type of information sought by TRESE in connection to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Appliication").

3.    **FCA's Experience:** FCA is a Mexico-based banking and financial law firm with deep and long-standing expertise in advising financial institutions subject to regulatory oversight, managerial intervention, judicial administration, insolvency, and liquidation proceedings. In addition to the firm's institutional experience, the undersigned has personally worked for more than 30 years in matters involving banking regulation, financial institution restructuring, government-appointed interventions, insolvency processes, and the winding-up and liquidation of multiple banks and financial entities in Mexico. Over the past decades, both FCA's team and I have advised banks, trustees, fiduciary institutions, regulatory bodies, and court- or authority-appointed administrators on issues involving banking operations, fiduciary structures, compliance frameworks, and confidentiality and disclosure obligations under Mexican law.

4.    Our experience includes:

-    Acting as legal advisors for interim administrators, liquidators and judicial liquidators of Mexican financial institutions.

-    Interacting with the National Banking and Securities Commission (Comisión Nacional Bancaria y de Valores), Institute for the Protection of Bank Savings (Instituto para la Protección al Ahorro Bancario), Mexico Central Bank (Banco de México), and other competent authorities.

-    Issuing legal and regulatory analyses concerning different types of obligations applicable to banks, trusts, and other financial institutions.

5.      Given this background, we are well positioned to provide an informed and reliable explanation of the regulatory obligations, operational restrictions, and secrecy provisions that apply to credit institutions and fiduciary entities under Mexican law.

6.      **Banking Secrecy Under Article 142 of the Mexican Credit Institutions Law:**  The Mexican Credit Institutions Law establishes the regulatory framework governing banks, both in their corporate organization and in the conduct of their principal activities with clients and with other financial institutions. The statute also imposes a series of obligations on banks for the protection of their clients' interests, including the duty to safeguard all information and documentation related to the transactions entered into and services provided by such institutions. Article 142 of the Mexican Credit Institutions Law establishes that all information concerning a client's deposits, operations, services, and financial records is strictly confidential ("Banking Secrecy"). Banks, their officers, employees, representatives, and any third parties acting on their behalf are prohibited from disclosing such information to anyone who is not:  (i) The account holder,  (ii) The debtor, as the bank's client,  (iii) A beneficiary,  (iv) A legal representative, or  (v) A person otherwise expressly authorized under Mexican law.  The confidentiality obligation extends to all forms of financial information, whether operational, transactional, contractual, or historical.

7.      The Banking Secrecy regime set forth in Article 142 of the Mexican Credit Institutions Law is not a new rule; rather, it has been part of the statute long before the 2014 amendment. Prior to that reform, the provision was contained in Article 117 of the Law. However, the earlier version did not establish exceptions as clearly as the current text does, nor did it regulate the requirement of judicial oversight for third-party access to information protected by banking secrecy.

8.    **Trust Secrecy:**  In addition to the Banking Secrecy, Mexican law also protects information related to trusts ("Trust Secrecy"). Under Article 142 of the Mexican Credit Institutions Law and the applicable regulations governing trust operations, trustees are legally obligated to maintain the confidentiality of all information involving: (i) Settlors, (ii) Trust beneficiaries, (iii) Trust assets, (iv) Trust operations, and (v) Any documentation, records, contracts, or communications relating to the administration or execution of the trust.

9.    **Exceptions for Disclosure:**  The restrictions applicable to the Banking Secrecy and Trust Secrecy, specifically regarding the disclosure of information and documentation relating to clients and the transactions they conduct with credit institutions, include certain exceptions expressly provided by law. Under these exceptions, the institution or its officers may disclose information that is otherwise protected by confidentiality obligations.

10.    The first exception consists of the disclosure of such information within the context of a judicial proceeding and pursuant to an order issued by a competent judicial authority, provided that the person appearing as a party to such proceeding is the holder of the relevant transaction or one of the individuals referred to in the first paragraph of Article 142 of the Mexican Credit Institutions Law. This means that not every lawsuit or judicial proceeding allows access to banking information; such access is only permissible when there is a direct and immediate connection between the proceeding and the holder of the transactions for which information is sought.

11.    The Law also sets forth specific situations in which a credit institution is obligated to provide information to administrative authorities of the Mexican Government. However, this exception must be based on a formal request supported by a legal cause, linked to a regulatory procedure or authority function directly related to the account holder. Under no circumstances may disclosure result from discretionary, arbitrary, or unsubstantiated acts by an authority. These

4

requests must be duly grounded and reasoned and shall be submitted through the National Banking and Securities Commission.

12.     The Supreme Court of Justice of Mexico has recognized that even certain exceptions provided under the subsections of Article 142 may, in some cases, infringe upon human rights, particularly the right to privacy, when a request for information is not sufficiently limited, grounded, reasoned and goes without judicial control. The protection of bank secrecy constitutes the general rule, and the exceptions thereto must be interpreted strictly.[1]

13.     Furthermore, the Mexican Credit Institutions Law establishes sanctions including fines and imprisonment for officers and employees of banks who disclose information in violation of Article 142. This applies not only to bank employees, but also to any individual who performs administrative, managerial, or supervisory functions within the institution.

14.     **Absence of Exception for Disclosure to Foreign Parties:** Neither banking secrecy nor fiduciary secrecy contain exceptions that would permit disclosure of confidential information to foreign private entities, foreign courts, or foreign counsel solely based on a foreign legal procedure or request. The exceptions set forth in the Mexican Credit Institutions Law only authorize the disclosure of information to Mexican governmental authorities and do not provide an express exception permitting disclosure to foreign governmental entities or in judicial or administrative proceedings abroad. In the absence of a clear exception, credit institutions must maintain the confidentiality and secrecy of the information, even when requested by foreign authorities+.

---

[1] SECRETO BANCARIO. EL ARTÍCULO 142, FRACCIÓN II, DE LA LEY DE INSTITUCIONES DE CRÉDITO, EN SU TEXTO CORRESPONDIENTE A LA REFORMA QUE SE PUBLICÓ EN EL DIARIO OFICIAL DE LA FEDERACIÓN, EL 17 DE JUNIO DE 2016, VULNERA EL DERECHO A LA VIDA PRIVADA. REGISTRO DIGITAL: 2031038

15.     **Conclusion:** Based upon the forgoing rules imposed by Article 142 strictly limiting the disclosure of client-related financial information by credit institutions, it is my opinion that: (i) the discovery requests contained in the Application do not fall within any of the statutory exceptions to the law's Bank and Trust Secrecy provisions; (ii)  in connection with a Mexican judicial proceeding, a Mexican court would therefore not authorize the disclosure of the banking information sought by the Application; and (iii) A&M Mexico would be subject to legal sanctions and penalties if, in violation of Article 142, it were to disclose the information sought by the Application in accordance with an order of this Court granting the Application. .

16.     Attached as Exhibit A is a true and correct copy of Article 142 and an English translation of the provision.

Dated: Mexico City, Mexico

 November 25, 2025

By:_____

César Guillermo Flores Chao