# EXHIBIT A

Article 142. The information and documentation relating to the transactions and services referred to in Article 46 of this Law shall be confidential, and therefore credit institutions, in order to protect the right to privacy of their customers and users established in this article, under no circumstances may they disclose news or information about deposits, transactions, or services, including those provided for in section XV of the aforementioned Article 46, except to the depositor, debtor, holder, beneficiary, trustor, trustee, principal, or mandator, their legal representatives, or those who have been granted power of attorney to dispose of the account or to intervene in the transaction or service.

As an exception to the provisions of the preceding paragraph, credit institutions shall be required to provide the information referred to in that paragraph when requested to do so by the judicial authority by virtue of a ruling issued in a trial in which the holder or, where applicable, the trustor, trustee, principal, commission agent, principal, or agent is a party or defendant. For the purposes of this paragraph, the judicial authority may make its request directly to the credit institution or through the National Banking and Securities Commission.

Credit institutions shall also be exempt from the prohibition set forth in the first paragraph of this article and, therefore, shall be required to provide the aforementioned news or information in cases where it is requested by the following authorities:

I. The Attorney General of the Republic or the public servant to whom he delegates powers to request information, in order to verify the act that the law defines as a crime and the probable responsibility of the accused;

II. The attorneys general of the states of the Federation and of the Federal District, or deputy attorneys general, for the verification of the act that the law defines as a crime and of the probable responsibility of the accused;

III. The Attorney General of Military Justice, to verify the act that the law defines as a crime and the probable responsibility of the accused;

IV. The federal tax authorities, for tax purposes;

V. The Ministry of Finance and Public Credit, for the purposes of the provisions of Article 115 of this Law;

VI. The Treasurer of the Federation, when warranted by the act of oversight, to request account statements and any other information relating to the personal accounts of public servants, assistants, and, where applicable, individuals related to the investigation in question;

VII. The Superior Audit Office of the Federation, in exercising its powers of review and oversight of the Federal Public Account and with respect to accounts or contracts through which federal public resources are administered or exercised;

VIII. The head and undersecretaries of the Ministry of Public Administration, in the exercise of their investigative or auditing powers to verify the evolution of the assets of federal public servants.

The request for information and documentation referred to in the preceding paragraph shall, in all cases, be made within the verification procedure referred to in Articles 41 and 42 of the Federal Law on Administrative Responsibilities of Public Servants, and

IX.  The Political Party Resource Auditing Unit, a technical body of the General Council of the Federal Electoral Institute, shall exercise its legal powers in accordance with the terms established in the Federal Code of Electoral Institutions and Procedures. The electoral authorities of the federal entities shall request and obtain the information necessary for the exercise of their legal powers through the aforementioned unit.

The authorities mentioned in the preceding paragraphs shall request the news or information referred to in this article in the exercise of their powers and in accordance with the applicable legal provisions.

The requests referred to in the third paragraph of this article must be made with due justification and reasoning, through the National Banking and Securities Commission. The public servants and institutions referred to in sections I and VII, and the oversight unit referred to in section IX may choose to request the judicial authority to issue the corresponding order, so that the credit institution provides the required information, provided that said officials or authorities specify the name of the institution, the account number, the name of the account holder or user, and other data and elements that allow for full identification, in accordance with the transaction in question.

Employees and officials of credit institutions shall be liable, under the terms of the applicable provisions, for breach of the confidentiality established, and institutions shall be obliged, in the event of improper disclosure of confidential information, to compensate for any damages caused.

The foregoing in no way affects the obligation of credit institutions to provide the National Banking and Securities Commission with all types of information and documents that, in the exercise of its inspection and surveillance functions, it may request in relation to the transactions they carry out and the services they provide, nor does it affect the obligation to provide the information requested by the Bank of Mexico, the Institute for the Protection of Bank Savings, and the Commission for the Protection and Defense of Financial Services Users, in accordance with the applicable legal provisions.

There shall be no violation of the confidentiality of operations referred to in section XV of article 46 of this Law in cases where the Federal Superior Audit Office, based on the law governing its management, requires the information referred to in this article.

The documents and data provided by credit institutions as a result of the exceptions to the first paragraph of this article may only be used in proceedings that are in accordance with the law, and the strictest confidentiality must be observed with regard to them, even if the public servant in question leaves the service. Any public servant who improperly breaches the confidentiality of the proceedings, provides copies of them or of related documents, or in any other way discloses information contained therein, shall be subject to the corresponding administrative, civil, or criminal liabilities.

Credit institutions shall respond to requests made by the National Banking and Securities Commission pursuant to requests from the authorities indicated in this article, within the time limits determined by the Commission. The Commission itself may sanction credit institutions that do not comply with the established time limits and conditions, in accordance with the provisions of Articles 108 to 110 of this Law.

The Commission shall issue general provisions establishing the requirements that must be met by requests or demands for information made by the authorities referred to in sections I to IX of this article so that the credit institutions concerned are able to identify, locate, and provide the requested information.

The undersigned, Luis Gabriel Diaz Guevara, an *English-Spanish-English Sworn Translator - Interpreter*, Aid on the Enforcement of Justice, authorized by the Superior Court of Justice of the State of Queretaro, and registered at the Department of the Interior of the State of Querétaro, Mexico, certifies that this translation is true and exact based on a document in Spanish [2 PAGES]. November 26th, 2025. **THIS TRANSLATION IS NOT VALID WITHOUT THE ROUND STAMP AND THE SWORN TRANSLATOR'S SIGNATURE.**                    QROMEX-569/2025

Artículo 142.- La información y documentación relativa a las operaciones y servicios a que se refiere el artículo 46 de la presente Ley, tendrá carácter confidencial, por lo que las instituciones de crédito, en protección del derecho a la privacidad de sus clientes y usuarios que en este artículo se establece, en ningún caso podrán dar noticias o información de los depósitos, operaciones o servicios, incluyendo los previstos en la fracción XV del citado artículo 46, sino al depositante, deudor, titular, beneficiario, fideicomitente, fideicomisario, comitente o mandante, a sus representantes legales o a quienes tengan otorgado poder para disponer de la cuenta o para intervenir en la operación o servicio.

Como excepción a lo dispuesto por el párrafo anterior, las instituciones de crédito estarán obligadas a dar las noticias o información a que se refiere dicho párrafo, cuando lo solicite la autoridad judicial en virtud de providencia dictada en juicio en el que el titular o, en su caso, el fideicomitente, fideicomisario, fiduciario, comitente, comisionista, mandante o mandatario sea parte o acusado. Para los efectos del presente párrafo, la autoridad judicial podrá formular su solicitud directamente a la institución de crédito, o a través de la Comisión Nacional Bancaria y de Valores.

Las instituciones de crédito también estarán exceptuadas de la prohibición prevista en el primer párrafo de este artículo y, por tanto, obligadas a dar las noticias o información mencionadas, en los casos en que sean solicitadas por las siguientes autoridades:

I. El Fiscal General de la República o el servidor público en quien delegue facultades para requerir información, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del imputado;

II. Los procuradores generales de justicia de los Estados de la Federación y del Distrito Federal o subprocuradores, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del imputado;

III. El Procurador General de Justicia Militar, para la comprobación del hecho que la ley señale como delito y de la probable responsabilidad del imputado;

IV. Las autoridades hacendarias federales, para fines fiscales;

V. La Secretaría de Hacienda y Crédito Público, para efectos de lo dispuesto por el artículo 115 de la presente Ley;

VI. El Tesorero de la Federación, cuando el acto de vigilancia lo amerite, para solicitar los estados de cuenta y cualquier otra información relativa a las cuentas personales de los servidores públicos, auxiliares y, en su caso, particulares relacionados con la investigación de que se trate;

VII. La Auditoría Superior de la Federación, en ejercicio de sus facultades de revisión y fiscalización de la Cuenta Pública Federal y respecto a cuentas o contratos a través de los cuáles se administren o ejerzan recursos públicos federales;

VIII. El titular y los subsecretarios de la Secretaría de la Función Pública, en ejercicio de sus facultades de investigación o auditoría para verificar la evolución del patrimonio de los servidores públicos federales.

La solicitud de información y documentación a que se refiere el párrafo anterior, deberá formularse en todo caso, dentro del procedimiento de verificación a que se refieren los artículos 41 y 42 de la Ley Federal de Responsabilidades Administrativas de los Servidores Públicos, y

IX. La Unidad de Fiscalización de los Recursos de los Partidos Políticos, órgano técnico del Consejo General del Instituto Federal Electoral, para el ejercicio de sus atribuciones legales, en los términos establecidos en el Código Federal de Instituciones y Procedimientos Electorales. Las autoridades

electorales de las entidades federativas solicitarán y obtendrán la información que resulte necesaria también para el ejercicio de sus atribuciones legales a través de la unidad primeramente mencionada.

Las autoridades mencionadas en las fracciones anteriores solicitarán las noticias o información a que se refiere este artículo en el ejercicio de sus facultades y de conformidad con las disposiciones legales que les resulten aplicables.

Las solicitudes a que se refiere el tercer párrafo de este artículo deberán formularse con la debida fundamentación y motivación, por conducto de la Comisión Nacional Bancaria y de Valores. Los servidores públicos y las instituciones señalados en las fracciones I y VII, y la unidad de fiscalización a que se refiere la fracción IX, podrán optar por solicitar a la autoridad judicial que expida la orden correspondiente, a efecto de que la institución de crédito entregue la información requerida, siempre que dichos servidores o autoridades especifiquen la denominación de la institución, el número de cuenta, el nombre del cuentahabiente o usuario y demás datos y elementos que permitan su identificación plena, de acuerdo con la operación de que se trate.

Los empleados y funcionarios de las instituciones de crédito serán responsables, en los términos de las disposiciones aplicables, por violación del secreto que se establece y las instituciones estarán obligadas en caso de revelación indebida del secreto, a reparar los daños y perjuicios que se causen.

Lo anterior, en forma alguna afecta la obligación que tienen las instituciones de crédito de proporcionar a la Comisión Nacional Bancaria y de Valores, toda clase de información y documentos que, en ejercicio de sus funciones de inspección y vigilancia, les solicite en relación con las operaciones que celebren y los servicios que presten, así como tampoco la obligación de proporcionar la información que les sea solicitada por el Banco de México, el Instituto para la Protección al Ahorro Bancario y la Comisión para la Protección y Defensa de los Usuarios de Servicios Financieros, en los términos de las disposiciones legales aplicables.

Se entenderá que no existe violación al secreto propio de las operaciones a que se refiere la fracción XV del artículo 46 de esta Ley, en los casos en que la Auditoría Superior de la Federación, con fundamento en la ley que norma su gestión, requiera la información a que se refiere el presente artículo.

Los documentos y los datos que proporcionen las instituciones de crédito como consecuencia de las excepciones al primer párrafo del presente artículo, sólo podrán ser utilizados en las actuaciones que correspondan en términos de ley y, respecto de aquéllos, se deberá observar la más estricta confidencialidad, aun cuando el servidor público de que se trate se separe del servicio. Al servidor público que indebidamente quebrante la reserva de las actuaciones, proporcione copia de las mismas o de los documentos con ellas relacionados, o que de cualquier otra forma revele información en ellos contenida, quedará sujeto a las responsabilidades administrativas, civiles o penales correspondientes.

Las instituciones de crédito deberán dar contestación a los requerimientos que la Comisión Nacional Bancaria y de Valores les formule en virtud de las peticiones de las autoridades indicadas en este artículo, dentro de los plazos que la misma determine. La propia Comisión podrá sancionar a las instituciones de crédito que no cumplan con los plazos y condiciones que se establezca, de conformidad con lo dispuesto por los artículos 108 al 110 de la presente Ley.

La Comisión emitirá disposiciones de carácter general en las que establezca los requisitos que deberán reunir las solicitudes o requerimientos de información que formulen las autoridades a que se refieren las fracciones I a IX de este artículo, a efecto de que las instituciones de crédito requeridas estén en aptitud de identificar, localizar y aportar las noticias o información solicitadas.