| | |
|---|---|
| *In re:* Application of<br><br>TECNOLOGIAS RELACIONADAS CON ENERGIA Y SERVICIOS ESPECIALIZADOS, S.A. DE C.V. ("TRESE"), and<br><br>GRUPO EMPRESARIAL ANACAR, S.A. de C.V. ("ANACAR"),<br><br>Applicants, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | No. 25 mc-00435 |

## DECLARATION OF MANUEL GOMEZ MORIN MARTINEZ DEL RIO

Pursuant to 28 U.S.C. § 1746, I, MANUEL GOMEZ MORIN MARTINEZ DEL RIO, declare as follows:

1. I am an in-house attorney at Tecnologías Relacionadas con Energía y Servicios Especializados, S.A. de C.V. ("TRESE"). I have supervisory responsibility over TRESE's participation in proceedings arising from its bankruptcy in Mexico, including proceedings before the Seventh District Court of Civil Matters in Mexico City, No. 666/2016, as well as numerous *amparo* proceedings relating to issues arising from the bankruptcy procedings, as discussed below.

2. I respectfully submit this Declaration in support of TRESE's reply to the brief filed by Alvarez & Marsal Holdings, LLC ("A&M Holdings") in opposition to Applicants' *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782. Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings.

3. The facts set forth in this Declaration are based on my personal knowledge and experience, as well as on my expertise as a Mexican attorney. All legal opinions in this Declaration

1

are informed by my experience of more than 40 years of professional experience practicing law in Mexico, both in the private and public sectors.

4. Mexican law governing the applicable procedures for legal proceedings, including *amparo* proceedings, does not provide a procedural mechanism for parties to compel production of information like that presently sought from A&M Holdings. As a result, TRESE has no formal method to seek comparable discovery from CIBanco or Alvarez & Marsal Mexico in its bankruptcy proceedings or in the related *amparo* actions currently pending before the Mexican courts.

5. Article 142 of the Mexican Credit Institutions Law ("Article 142") requires confidential treatment of information concerning client deposits, transactions, and financial records, except to parties identified in that statute. As relevant here, those identified parties include the beneficiary of a trust, a trustee, a legal representative, or other persons authorized under Mexican law.

6. As a beneficiary to Trust Agreement No. CIB/2346 ("Trust Agreement"), under Article 142, TRESE is an authorized recipient of disclosures related to the Trust Agreement. In addition, Article 390 of the Mexican Securities and Credit Operations General Law establishes that a beneficiary shall have the right to demand compliance from the trust administrator, including the right to challenge the validity of acts committed in bad faith or in excess of its grant of authority (and thus, conduct resulting in a breach of trust). Accordingly, as beneficiary, TRESE has the statutory right to challenge CIBanco's administration of the Trust.

7. Further, Article 391 of the Mexican Securities and Credit Operations General Law provides that a fiduciary institution such as CIBanco that undertakes to administer a trust is required to comply with the terms of the trust once established, and is bound to act in good faith in keeping with its fiduciary duties. These requirements and restrictions on the administration of

2

trusts under Mexican law further support TRESE's entitlement to receive documents relevant to the administration of the trust to which it is a party.

8.   Attached as Exhibit A is a true and correct English translation of a September 30, 2025 report prepared by Carlos Alberto Contreras Noreña, B.A., an expert certified public accountant, acting on behalf of the Federal Public Prosecutor's Office in Mexico City in proceedings involving TRESE's claims against CIBanco. This report concludes, in relevant part, that under CIBanco's administration, $2,301,271,285.09 pesos (approximately $126,303,600 USD) were withdrawn from the Trust in violation of the provisions governing its administration. These facts evidence breach of trust by CIBanco, which supports TRESE's basis for seeking evidence relevant to that breach under Articles 390 and 391 of the Law on Securities and Credit Operations discussed above.

/s/ _____