UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In re:* Application of

TECHNOLOGIAS RELACIONADAS CON
ENERGIA Y SERVISIOS
ESPECIALIZADOS, S.A., DE C.V.,
("TRESE"), *et al.*

Applicants for an Order Pursuant to 28 U.S.C.
§ 1782 to Conduct Discovery for Use in
Foreign Proceedings.

No. 25 – MC – 0435 (JHR) (RFT)

---

**RESPONDENT THE BANK OF NEW YORK MELLON CORP.'S PARTIAL
OBJECTION TO THE JANUARY 12, 2026 REPORT AND RECOMMENDATION
[ECF Doc. No. 41]**

## I.      INTRODUCTION

Respondent The Bank of New York Mellon Corp. ("BNY"), pursuant to 28 U.S.C. §

636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, submits this Partial Objection to

The Honorable Magistrate Judge Robyn Tarnofsky's January 12, 2026 Report & Recommendation

("R&R") granting Petitioners' Application and authorizing Petitioners to serve a limited subpoena

on BNY [ECF Doc. No. 41].  BNY respectfully requests that this Court modify the findings and

conclusions in the R&R to reflect the correct number of accounts, and clarify that BNY is directed

to produce documents in its possession that are responsive to the requests in Petitioners' limited

subpoena, to the extent such records exist.

## II.      STANDARD OF REVIEW

When reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  "A party may file 'specific written objections,' Fed R. Civ. P. 72(b), to a

Magistrate Judge's proposed findings and recommendations, and in that case, the district court has

an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made.  28 U.S.C. § 636(b)(1)." *Houston v. Manheim-New York*, No. 09 Civ. 4544, 2011 U.S. Dist. LEXIS 27066, at *4-5 (S.D.N.Y. Mar. 15, 2011).

### III.    BNY'S PARTIAL OBJECTION TO THE R&R

BNY objects to the R&R because it erroneously refers to "eight accounts for which BNYM has identified financial records, including account opening documents and communications with account holders," R&R at pp. 16-17; *see also id.* at 15, and erroneously refers to those accounts as BNY accounts, *id.* at 15.

As explained in BNY's Response in Opposition to Petitioners' Application, BNY's preliminary search identified only the following *seven* (and not eight) *non*-BNY accounts at United Overseas Bank ("UOB") and CIBanco for which BNY has responsive wire transfer information:

1. CIBanco Account No. ▆▆4177, CLABE ▆▆▆▆▆▆1775;

2. CIBanco Account No. ▆▆4150, CLABE ▆▆▆▆▆▆1500;

3. CIBanco Account No. ▆▆4096, CLABE ▆▆▆▆▆▆0967;

4. CIBanco Account No. ▆▆4134, CLABE ▆▆▆▆▆▆1348;

5. CIBanco Account No. ▆▆▆▆1006, CLABE ▆▆▆▆▆▆0067;

6. UOB Account No. ▆▆▆▆342-8; and

7. UOB Account No. ▆▆▆635-9.

[BNY Opp'n, ECF Doc. No. 36, at pp. 5-6.]  While Petitioners may have totaled the accounts identified by BNY as eight accounts, Petitioners were mistaken.  *See* Petitioners' Reply, ECF Doc. No. 39, at p. 3 (referring to the "eight" accounts identified by BNY but citing to BNY's Response in Opposition where BNY identified only seven accounts).  Additionally, BNY stated that its preliminary search revealed responsive wire transfer information for those seven accounts – it did

not state that it had located "account opening documents and communications with account holders" for these seven accounts. [BNY Opp'n, ECF Doc. No. 36 at p. 5.] Accordingly, BNY respectfully requests that this Court modify the R&R's findings and conclusions to correct the number of responsive accounts to the *seven*, *non*-BNY accounts that BNY located, and clarify that BNY is directed to produce documents in its possession that are responsive to the requests in Petitioners' limited subpoena, to the extent such records exist.

BNY otherwise will confer in good faith with Petitioners as it undertakes the document collection and production process, consistent with the R&R.

## IV.    CONCLUSION

For the foregoing reasons, BNY respectfully requests that this Court modify the findings and conclusions in the R&R to correct the number of responsive accounts to the *seven*, *non*-BNY accounts that BNY located, and clarify that BNY is directed to produce documents in its possession that are responsive to the requests in Petitioners' limited subpoena, to the extent such records exist.

Dated: January 26, 2025
New York, NY

**REED SMITH LLP**

By: /s/ Natsayi Mawere
Natsayi Mawere
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
nmawere@reedsmith.com

*Attorney for Respondent The Bank of New York Mellon Corp.*

**CERTIFICATE OsF SERVICE**

I hereby certify that on January 26, 2026, I served a true and accurate copy of the foregoing upon counsel of record via CM/ECF.

Dated: January 26, 2026
      New York, NY

**REED SMITH LLP**

By: /s/ Natsayi Mawere
Natsayi Mawere
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
nmawere@reedsmith.com

*Attorney for Respondent The Bank of New York Mellon Corp.*

BNYM filed objections to part of the report and recommendation at ECF 41. (ECF 44.) I construe those objections as a request for reconsideration, which is granted in part. The report and recommendation at ECF 41 is withdrawn, and an amended report and recommendation will be filed separately. The changes are limited to revisions on pages 15, 16, and 17 that (1) replace references to eight accounts with references to seven accounts, (2) delete references to account opening documents for those accounts, and (3) clarify that those accounts are non-BNYM accounts. There is no need to specify that in response to the subpoena, BNYM need produce only those responsive documents that are in its possession, custody, or control, because (1) a Section 1782 petitioner is not entitled to documents outside the possession, custody, or control of the respondent, In re FourWorld Event Opportunities Fund LP, No. 22-MC-0330 (JPO), 2023 WL 3375140, at *3 (S.D.N.Y. May 11, 2023) (granting a motion to quash where the petitioner failed to show the respondent had custody or control of requested documents); and (2) to the extent that BNYM contends that it does not have possession, custody, or control of documents sought in the subpoena as revised, BNYM can address the issue with Petitioners in the meet and confer process and if necessary bring the issue to the Court.

Separately, BNYM moved to seal the brief at ECF 36, which contains unredacted bank account numbers. (ECF 66.) BNYM attached a redacted version of the brief to its sealing request that redacts the bank account numbers. The application to seal is granted. BNYM is ordered to file the redacted version of its brief as a separate document on ECF by February 6, 2026.

The Clerk of Court is respectfully requested to seal ECF 36 for chambers view only, to withdraw ECF 41, and to terminate ECF 46.
Dated: January 30, 2026
      New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE