UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TECNOLOGIAS RELACIONADAS con ENERGIA y SERVICIOS ESPECIALIZADOS, S.A. De C.V., et al., Petitioners, for an Order Pursuant to 28 U.S.C. § 1782 To Take Discovery for Use in Foreign Proceedings. | 25-MC-435 (JPO) <br><br> MEMORANDUM AND ORDER |

J. PAUL OETKEN, District Judge:

On October 1, 2025, Applicants Tecnologias Relacionadas con Energia y Servicios Especializados, S.A. de C.V. ("TRESE") and its bankruptcy trustee, Grupo Empresarial Anacar, S.A. de C.V. (collectively, "Applicants") submitted an *ex parte* application (the "Application") pursuant to 28 U.S.C. § 1782 seeking an order authorizing them to serve subpoenas on United Overseas Bank New York Agency ("UOB-NYA"), Bank of New York Mellon Corp. ("BNYM"), and Alvarez & Marsal Holdings, LLC ("A&M"). (ECF No. 1.) On October 21, 2025, the case was referred to Magistrate Judge Robyn F. Tarnofsky for general pretrial and dispositive motions, meaning all motions requiring a Report and Recommendation ("R&R"). (ECF No. 6.) On February 10, 2026, Judge Tarnofsky issued an R&R recommending that the Application be granted as to UOB-NYA. (ECF No. 51 ("R&R").) UOB-NYA filed timely objections objected on February 24, 2026. (ECF No. 54.) TRESE filed a response to the objections on March 10, 2026. (ECF No. 55.)

## I.    Background

The Court assumes familiarity with the facts and procedural history of this case, detailed most recently in the R&R. (*See* R&R at 2-4; *see also* ECF No. 50 at 2-4.) Applicants seek to serve subpoenas on UOB-NYA to obtain discovery for use in ongoing foreign bankruptcy

proceedings and related proceedings in Mexican courts (together, the "Foreign Proceedings"). (*See* ECF No. 1 ¶ 1.)  As relevant here, the Foreign Proceedings concern TRESE's allegations that funds owed to it pursuant to an irrevocable trust agreement (the "Trust Agreement") were unlawfully diverted to other entities, including the Singapore-based United Overseas Bank ("UOB").  (*Id.* ¶¶ 3-5).

UOB-NYA is a U.S. affiliate of UOB.  (*Id.* ¶ 11.)  Applicants seek the deposition of a UOB-NYA representative concerning the corporate structure of UOB, including its North American operations, "so that TRESE can better understand the flow of the misappropriated funds."  (*Id.*)  Applicants also seek documents in the possession, custody, or control of UOB-NYA that are relevant to those misappropriated funds.  (*Id.*)

UOB-NYA opposed the Application.  (ECF No. 18.)  On January 6, 2026, Judge Tarnofsky issued an order requiring Applicants to provide additional information about the basis for Applicants' position that UOB-NYA is an entity that is headquartered in the Southern District of New York or that UOB-NYA otherwise resides or is found in this District.  (ECF No. 40.) Applicants submitted evidence that: UOB Group's most recent Annual Report identifies UOB-NYA as a New York-based agency office of UOB Group with its address at 592 Fifth Avenue, New York, New York (ECF No. 42-1 at 7); that UOB's U.S. Resolution Plan identified UOB-NYA as a U.S. entity regulated by the New York State Department of Financial Services (ECF No. 19-1 at 2, 9); that data from the United States Federal Reserve Board identifies UOB-NYA as the New York-based office of UOB Ltd. (ECF No. 41-2 at 14); and that the records of the New York State Division of Corporations reflect that UOB-NYA shares an address with UOB Holdings (USA) Inc., a domestic business corporation (ECF No. 42-3).  (ECF No. 42.)  In

response, UOB-NYA stated "that it does not dispute that it maintains its agency office in New York, New York" and restated its other challenges to the Application. (ECF No. 43.)

On February 10, 2026, Judge Tarnofsky issued an R&R recommending that the Application be granted as to UOB-NYA. (*See generally* R&R.) UOB-NYA filed timely objections on February 24, 2026. (ECF No. 54.) TRESE filed a response on March 10, 2026. (ECF No. 55.)

## II.     Legal Standard

When reviewing an R&R by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the [R&R] strictly for clear error where no objection has been made and will make a de novo determination regarding those parts of the [R&R] to which objections have been made." *Baker v. Coates*, No. 22-CV-7986, 2023 WL 6289964, at *1 (S.D.N.Y. Sept. 27, 2023) (quotation marks omitted), *aff'd*, No. 23-7483, 2024 WL 5066467 (2d Cir. Dec. 11, 2024), *aff'd*, 145 S. Ct. 2699 (2025).

## III.    Discussion

28 U.S.C. § 1782 provides that a "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a). A district court considering a § 1782 application conducts a two-step analysis: First, the court must determine whether the application satisfies § 1782's statutory requirements that "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Fed. Republic of Nigeria v.*

3

*VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (quotation marks omitted). "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). This includes the requirement that the requested discovery be "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

"Second, if the district court has determined that the statutory requirements are met, it may grant discovery under § 1782 in its discretion in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Fed. Republic of Nigeria*, 27 F. 4th at 148 (cleaned up). In conducting this second step, courts are to consider the four factors that the Supreme Court laid out in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004):

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Fed. Republic of Nigeria*, 27 F.4th at 148 (cleaned up).

### A.      Statutory Requirements

#### 1.      "Resides or Is Found" Requirement

Section 1782 discovery must proceed in a federal district court in "the district in which a person resides or is found." 28 U.S.C § 1782(a). The Second Circuit has "repeatedly recognized Congress's intent that § 1782 be interpreted broadly, especially given the district court's ability to exercise discretion in deciding whether, and in what manner, to order discovery in particular cases." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (quotation marks omitted).

Accordingly, "§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *Id.*

As the R&R concluded, the Court lacks specific personal jurisdiction over UOB-NYA, as there is no "affiliation between the [Southern District of New York] and the underlying controversy." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quotation marks omitted). UOB-NYA objects to the R&R's finding of general jurisdiction, which relied on UOB-NYA's concession that "it maintains its agency office in New York, New York." (ECF No. 43; *see also* R&R at 6.)

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). An entity is at home in its place of incorporation and its principal place of business. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014).

Applicants have sufficiently established that UOB-NYA is at home in New York for purposes of general jurisdiction. By its own admission, UOB-NYA "maintains *its* agency office in New York, New York." (ECF No. 43 (emphasis added).) Nothing in the record suggests that UOB-NYA has another office in another district or that it otherwise maintains a principal place of business in another district. Indeed, when given a chance by Judge Tarnofsky to dispute Petitioners' assertion that UOB-NYA is headquartered in the Southern District of New York (ECF No. 40), UOB-NYA did not do so and instead conceded that it maintains its office in New York (ECF No. 43). This concession is consistent with the evidence marshalled by Petitioners indicating that the *only* address listed for UOB-NYA is in this district, at 592 Fifth Avenue, New York, New York. (*See* ECF No. 42-1 at 7; ECF No. 42-3.) The Court therefore has general

jurisdiction over UOB-NYA.[1]  *See In re Associacão dos Profissionais dos Correios*, No. 22-MC-132, 2024 WL 4299019, at *5 (S.D.N.Y. Sept. 25, 2024).

Moreover, by conceding this point, UOB-NYA waived any challenge to Judge Tarnofsky's determination.  UOB-NYA argues that it cannot have waived its challenge because the statutory factors are mandatory and jurisdictional.  (ECF No. 54 at 9 (citing *In re Gorsoan Ltd.*, No. 17-CV-5912, 2021 WL 673456, at *4 (S.D.N.Y. Feb. 22, 2021).)  It may be true that courts are obligated to determine if each statutory factor is satisfied, regardless of whether parties have conceded as such.  However, the "resides in" inquiry under § 1782 is coextensive with personal jurisdiction, and personal jurisdiction can itself be waived.  *See, e.g.*, *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).  Accordingly, courts have consistently found this factor satisfied where the respondent concedes or does not oppose the fact of its residency in the relevant district.  *See, e.g.*, *In re Brookfield Infrastructure Partners L.P.*, No. 25-MC-278, 2025 WL 3215607, at *7 (S.D.N.Y. Nov. 18, 2025) ("BAM, Cahill and Scotiabank do not dispute that the Court has general jurisdiction over them.  Petitioner thus has satisfied the 'found' requirement."); *507 Summit LLC v. Balance L. PLLC*, No. 25-MC-235, 2026 WL 205837, at *5 (S.D.N.Y. Jan. 26, 2026); *Associacão dos Profissionais dos Correios v.*

---

[1] Contrary to UOB-NYA's contentions, this case is distinguishable from *Gucci America*, in which the plaintiffs sought discovery from a nonparty foreign company on the basis that the foreign company had branch offices in this district.  *Gucci Am.*, 768 F.3d at 135.  Here, Applicants do not seek discovery from UOB on the basis that it has an agency office in New York.  Instead, it seeks discovery from UOB-NYA only, and all evidence in the record demonstrates that UOB-NYA operates its principal place of business in New York, New York. *See Aguila Energia e Participações Ltda. v. JPMorgan Chase & Co.*, No. 22-MC-228, 2024 WL 3650347, at *5 (S.D.N.Y. Feb. 29, 2024) ("Aguila is seeking discovery from JPMorgan USA only [and not JPMorgan Brazil], and JPMorgan USA is headquartered and thus 'is found' in this District."), *report and recommendation adopted sub nom. Aguila Energia e Participções Ltda. v. JPMorgan Chase & Co.*, 2024 WL 3373416 (S.D.N.Y. July 10, 2024), *aff'd sub nom. Aguila Energia e Participações Ltda. v. JPMorgan Chase & Co.*, No. 24-2133, 2025 WL 1661987 (2d Cir. June 12, 2025).

6

*Bank of New York Melon Corp.*, No. 22-MC-0132, 2022 WL 4955312, at \*4 (S.D.N.Y. Oct. 4, 2022), *report and recommendation adopted as modified sub nom. In re Associacão dos Profissionais dos Correios*, 2024 WL 4299019 (S.D.N.Y. Sept. 25, 2024).

### 2.    For Use in Foreign Proceedings

UOB-NYA objects to Judge Tarnofsky's finding that the discovery sought is for use in a foreign proceeding, arguing that the Application's core requests for testimony about UOB's global corporate structure, testimony about the role played by UOB under the relevant agreement or as to relevant parties, and all documents and communications relating to those topics are investigative demands and not evidence for use in the Foreign Proceedings. (*See* ECF No. 54 at 13-15; R&R at 8.)

"[A] request that fails to show that the materials sought will be of any use in the foreign proceeding [will] not satisfy the 'for use' requirement." *Mees v. Buiter*, 793 F.3d 291, 299 n.10 (2d Cir. 2015). "A successful § 1782 application should explain or allow a district court to infer how the discovery sought will 'increase [the applicant's] chances of success' in the foreign proceeding." *In re Diligence Glob. Bus. Intel. S.A.*, No. 21-MC-401, 2021 WL 2156278, at \*2 (S.D.N.Y. May 27, 2021) (quoting *Mees*, 793 F.3d at 299). "[N]umerous courts in this district and beyond have described the 'for use' prerequisite as imposing a 'de minimis' burden on applicants." *In re Associacão dos Profissionais*, 2024 WL 4299019, at \*4 (collecting cases).

Applicants have satisfied their burden to show that the discovery sought is for use in the Foreign Proceedings. UOB-NYA argues that Applicants' requests as to UOB's global corporate structure and the role it played in the underlying agreement are a fishing expedition. (ECF No. 55 at 13-14.) However, Applicants have demonstrated that the discovery sought is directly relevant to the ongoing Foreign Proceedings, as information related to UOB's structure and the role it played in the handling of the funds at issue may provide evidence of the flow of the

7

allegedly misappropriated funds and help elucidate where additional relevant documents—such as bank transfers and communications between UOB and the defendant in the Foreign Proceedings—may be located.  (ECF No. 5 ¶¶ 21-23; ECF No. 23 at 12-13.)  This is not a case where the only basis for discovery is pre-litigation investigations aimed at a prospective action against the respondent.  *Contra In re Postalis*, No. 18-MC-497, 2018 WL 6725406, at *4 (S.D.N.Y. Dec. 20, 2018).  Instead, even if some of the requested documents are being sought for use in a potential litigation against UOB, "the requests themselves . . . demonstrate that requested materials will also be used in the [Mexico] litigation."  *In re Associacão dos Profissionais*, 2024 WL 4299019, at *5.

### 3.    Interested Person

UOB-NYA does not object to the R&R's determination that the Application is brought by parties interested in the Foreign Proceedings.  And on clear error review, the Court concludes that Petitioners are indeed interested in the Foreign Proceedings, as TRESE is a debtor in the Foreign Proceedings and Anacar, its bankruptcy trustee, is also a participant in those proceedings.  (ECF No. 4 at 19.)

### 4.    Possession, Custody, or Control[2]

UOB-NYA objects to Judge Tarnofsky's determination that the discovery sought is in its possession, custody, or control.  (ECF No. 54 at 10-13.)  In particular, UOB-NYA argues that the

---

[2]  The Second Circuit has not clearly indicated whether the "possession, custody, or control" inquiry under § 1782 is properly considered a statutory requirement or a discretionary factor. But because § 1782 authorizes discovery only "in accordance with the Federal Rules of Civil Procedure," 28 U.S.C. § 1782(a), and because the question of possession, custody, or control is considered "dispositive," *see, e.g.*, *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315, 2021 WL 2894721, at *4 (S.D.N.Y. July 9, 2021), the Court treats it as a mandatory statutory requirement. *See also In re FourWorld Event Opportunities Fund, L.P.*, No. 22-MC-330, 2023 WL 3375140, at *1 (S.D.N.Y. May 11, 2023).

Application's request for testimony about UOB's global corporate structure and for all documents and communications relating to the Trust Agreement fails because UOB-NYA does not possess corporate-wide files, lacks ordinary-course legal or practical access to materials housed in the Singapore head office, and found no responsive U.S. documents after a reasonable search. (ECF No. 54 at 12.)

"Section 1782(a) authorizes discovery to proceed in accordance with the Federal Rules of Civil Procedure, which in turn require a subpoenaed party to produce documents that are in its possession, custody, or control." *In re FourWorld Event Opportunities Fund, L.P.*, No. 22-MC-330, 2023 WL 3375140, at *1 (S.D.N.Y. May 11, 2023). "A party need not actually possess material to be a properly subpoenaed party—rather, the party has control over material that it has the practical ability to obtain or that it has a legal right to obtain." *In re Liverpool Ltd. P'ship*, No. 21-MC-392, 2021 WL 5605044, at *2 (S.D.N.Y. Nov. 24, 2021) (Nathan, J.) (quotation marks omitted). "This principle applies where discovery is sought from one corporation regarding materials which are in the physical possession of another, affiliated corporation." *In re: Application of Passport Special Opportunities Master Fund, LP for an Ord. Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782.*, No. 16-MC-33, 2016 WL 844833, at *3 (S.D.N.Y. Mar. 1, 2016) (quotation marks omitted). It is the applicant's burden to show that the party from whom they seek discovery has control over the discovery sought. *See id.* at *4 (collecting cases).

In assessing control, courts "focus on the relationship between the targeted entity and the custodian of the documents, the manner in which the custodian has handled the documents at issue and similar categories of documents in the ordinary course of business, and any business or other interests that may impact on the willingness of the custodian to share the documents with

the subpoenaed entity in the current circumstances." *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855, 2004 WL 2149111, at *3 (S.D.N.Y. Sept. 23, 2004). Applicants fail to meet their burden under this analysis. As a threshold matter, neither Applicants nor UOB-NYA provide much clarity on the exact relationship between UOB-NYA and UOB. The Application itself refers to UOB-NYA as "a U.S. affiliate of Singaporean entity UOB," but offers little else about the nature of UOB-NYA's ability to access UOB documents. (ECF No. 1 ¶ 11; *see also* ECF No. 4 at 14, 17.) UOB-NYA identifies itself as the "U.S. agency office" of UOB. (ECF No. 20 ¶ 1.) And in response to UOB-NYA's arguments about its lack of control over UOB documents, Applicants rely on a case that referred to UOB-NYA as the "New York office of UOB" and which treated UOB-NYA *as* UOB for purposes of a subpoena. *Gucci Am., Inc. v. Curveal Fashion*, No. 09-CV-8458, 2010 WL 808639, at *7 (S.D.N.Y. Mar. 8, 2010).

In other words, the relationship between UOB-NYA and UOB is unclear on this record. To be sure, UOB-NYA and UOB are intermingled to some degree, as is evident from the fact that UOB-NYA identifies as an agency office of UOB, that UOB-NYA submitted a declaration by an officer of UOB, Eriberto de Guzman, and that UOB's U.S. Resolution Plan does not identify distinct U.S.-based compliance, risk management, governance, and financial reporting operations for UOB-NYA. (*See* ECF No. 19; ECF No. 19-1 at 9; ECF No. 20 ¶ 1.) But Applicants have not sufficiently explained the degree to which the two are intermingled. They have "made no showing of any arrangement between [UOB-NYA] and [UOB] or any mechanism that gives [UOB-NYA] the practical ability to access [UOB's] work papers." *In re: Application of Passport Special Opportunities Master Fund, LP for an Ord. Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782.*, 2016 WL 844833, at *6 (cleaned up). Moreover, de Guzman's declaration indicates that

10

UOB-NYA is responsible for U.S. agency operations, that UOB-NYA does not maintain or have routine access to UOB's head-office files, and that it has never known of or possessed documents related to the Trust Agreement.  (ECF No. 21 ¶¶ 2-4.)  de Guzman further states that UOB-NYA does not have the legal right or the practical ability in the ordinary course of its operations to obtain head-office files.  (*Id.* ¶ 6.)  "Under ordinary circumstances, a party's good faith averment that the items sought . . . are not in its possession, custody, or control is sufficient to overcome a request for production."  *In re Palladian Partners, L.P.*, No. 25-MC-00330, 2025 WL 2814719, at *14 (S.D.N.Y. Oct. 3, 2025) (cleaned up).

"Ultimately, . . . it is [Applicants'] burden to show that those documents are in [UOB-NYA's] control."  *In re Boustany*, No. 23-MC-203, 2024 WL 473569, at *2 (S.D.N.Y. Feb. 7, 2024).  Applicants have put forth very little to satisfy that burden, and even less to counter UOB-NYA's evidence that it lacks possession, custody, or control over UOB documents.  Applicants instead seem to rely on a prior court's factual finding that UOB has access to documents held by a UOB subsidiary and that UOB-NYA is the same as UOB.  *Cf. Gucci Am., Inc.*, 2010 WL 808639, at *7.  A citation to a different district court case on a factual finding in a slightly different context does not satisfy Applicants' burden.[3]  That said, these defects may very well be curable, and the Court denies the Application as to UOB-NYA without prejudice to Applicants' filing a renewed application that addresses these deficiencies.

---

[3] Of course, if Applicants can establish that UOB-NYA is one and the same as UOB, it will have satisfied its burden to show that UOB-NYA has control over UOB documents.  UOB-NYA points out, and Applicants do not address, the fact that this may result in a contradiction with Applicants' argument that UOB-NYA is headquartered in New York and therefore "resides" in the Southern District of New York.

**B.      Discretionary Factors**

Besides UOB-NYA's arguments about possession, custody, and control, UOB-NYA does not object to the R&R's findings on the discretionary *Intel* factors, and the Court concludes that none of Judge Tarnofsky's well-reasoned findings are clearly erroneous.  UOB-NYA is indisputably not a participant in the Foreign Proceedings, the use of § 1782 to obtain discovery is neither prohibited nor discouraged in Mexico, and UOB-NYA has not demonstrated that production of the discovery sought would violate Singaporean bank secrecy laws.  *See Fed. Republic of Nigeria*, 27 F.4th at 148.  As to whether the request is unduly intrusive or burdensome, UOB-NYA seems to argue only that the request should be narrowed to documents actually within its possession, custody, or control (ECF No. 54 at 13), which the Court has addressed above.

**IV.    Conclusion**

After undertaking a de novo review, the Court sustains in part UOB-NYA's objections to the R&R.  Accordingly, the Application is denied as to UOB-NYA, without prejudice to Applicants' filing a renewed application that addresses to the extent possible the deficiencies identified herein.

The Clerk of Court is directed to close the motion at Docket Number 1.

SO ORDERED.

Dated: April 10, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge