UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EX PARTE APPLICATION OF TECNOLOGIAS
RELACIONADAS CON ENERGIA Y SERVICIOS
ESPECIALIZADOS, S.A. DE C.V., and

GRUPO EMPRESARIAL ANCAR, S.A. de C.V.,
Petitioners,
for an Order Pursuant to 28 U.S.C. § 1782
To Take Discovery for Use in Foreign Proceedings

Defendants.

25-MC-0435 (JPO) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before me is BNY's letter motion to seal two exhibits (ECF 63-2 and ECF 66-4) that were inadvertently filed with unredacted references to transactions and accounts numbers. (*See* ECF 72.) BNY further requests to file redacted versions of these exhibits attached to its letter motion to seal (ECF 72-1, Redacted Version of ECF 63-2; ECF 72-2, Redacted Version of ECF 66-4.)

**Legal Principles**

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the Court determines whether the documents are "judicial documents" that are "useful in the judicial process"; if the documents are judicial documents, the Court then determines the

---

[1]    This order omits internal quotation marks, citations, and alterations from quoted text.

"weight" of the presumption of public access; and finally, the Court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id.* (citing *United States v. Amodeo,* 71 F.3d 1044, 1049-50 (2d Cir. 1995)).

Any sealing order must be "narrowly tailored" to preserve privacy and competitive concerns; parties may be required to file documents with narrowly tailored redactions. *Lugosch*, 435 F.3d at 124; *see also Great W. Ins. Co. v. Graham,* No. 18-CV-6249 (VSB), 2021 WL 5325924, at *2 (S.D.N.Y. Nov. 15, 2021); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019).

Federal Rule of Civil Procedure 5.2(a) lists the permissible redactions for filings containing certain personal identifying information, such as "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). Courts routinely allow parties to file redacted versions of documents to protect personal identifying information. *See, e.g., Averbach v. Cariso Amman Bank,* No. 19-CV-0004 (GHW) (KHP), 2023 WL 4144758, at *3, *5 (S.D.N.Y. June 23, 2023) (noting that Courts in this District have recognized a privacy interest for certain banking information such as account numbers, social security numbers, and security questions, and permitting limited redactions of such numbers and similar identifying information that could pose a safety issue to customers); *Am. Realty Cap. Props. Litig.*, No. 15-CV-0307 (AKH), 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (granting a motion to seal in part to protect certain documents that contained personal identifying information about individuals and allowing the parties to re-file such documents with narrowly tailored redactions to protect the privacy interests of those individuals).

2

"Courts have [also] recognized privacy interest[s] in certain banking information, particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer." *Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2023 WL 4144758, at *3 (S.D.N.Y. June 23, 2023) (collecting cases); *see also Prescient Acquisition Grp., Inc.*, 487 F. Supp. 2d at 377 (granting motion to seal a copy of two bank checks because their disclosure "would reveal specific details about the manner in which [pop star Michael] Jackson conducts his personal banking activities; i.e. the identity of the bank, the authorized signature…the address of the account and the form and appearance of the check" all of which could be used to "work a financial fraud" against the Mr. Jackson); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (finding privacy interests in "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" may warrant sealing).

However, not all banking and financial information implicates a privacy interest sufficient to warrant sealing. For example, Courts have denied sealing requests where the information at issue did not contain highly sensitive or personal details, was several years old, or were not the primary financial documents. *See e.g. Averbach*, 2023 WL 4144758, at *3 (denying sealing motion of "decades-old financial information"—including transfers and transactional records—where the parties did not demonstrate why any privacy interest remained 20 years late); *Ramirez v. Temin & Co., Inc.*, No. 20 CIV. 6258 (ER), 2020 WL 6781222, at *5 (S.D.N.Y. Nov. 18, 2020) (denying motion to seal where the information at issue was

3

already public and did "not involve personal contact information or private bank account information").

**Analysis**

The documents BNY seeks to seal and file in redacted form support the Motion for a Protective Order and/or to Quash Subpoenas. As such, they are "judicial documents," meaning documents relevant to the performance of a judicial function and useful in the judicial process. *See Lugosch*, 435 F.3d at 119-20.

The documents are entitled to a substantial presumption of public access, because the motions for a protective order or to quash a subpoena "directly affect an adjudication," especially in the context of an application for discovery pursuant to Section 1782. *See Lugosch*, 435 F.3d at 119.

I have reviewed the documents that BNY wishes to seal, and I conclude that while they contain account numbers that are permitted to be redacted pursuant to Rule 5.2(a) as well as transaction numbers akin to routing numbers, *see Prescient Acquisition Grp., Inc.*, 487 F. Supp. 2d at 377, they also contain summaries of transaction information produced during discovery that are not primary financial documents and do not contain the type of information that warrants sealing. *See In re Hornbeam Corp.,* No. 14-MC-0424 (VSB), 2022 WL 60313, at *3 (S.D.N.Y. Jan. 6, 2022) (denying motion to seal "attorney-prepared summaries of wire transfer records produced in discovery" because they "[we]re not primary documents such as wire

4

transfer records, account statements, or checks featuring account and routing numbers" and did not contain "account numbers or routing numbers or anything of the kind").[2]

I have reviewed BNY's proposed redactions and find that they are overly broad, as they redact not only account and transaction numbers, but also more general transaction information.

<u>**Conclusion**</u>

BNY's Motion To Seal is **GRANTED IN PART.**  The Clerk of Court is respectfully requested to permanently seal ECF 63-2 and ECF 66-4. BNY is directed to re-file the exhibits in question on the docket by **June 5, 2026,** with only the account and transaction numbers redacted.

The Clerk of Court is respectfully requested to terminate ECF 72.

DATED:  May 29, 2026
        New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

---

[2]    I note that the documents in question were filed on the docket two weeks before the request to seal. (*See* ECF 63-2, ECF 66-4.) There is an argument that BNY waited too long to seek to have the materials sealed and that the information therefore is already public and should not be sealed. *See Grossberg v. Fox Corp.,* No. 23-CV-2368 (JMF), 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023) ("[C]ourts routinely deny sealing requests where, as here, the information to be sealed is already publicly available."); *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (same). "The Court has no ability to make private that which has already become public." *Chigirinskiy,* 319 F. Supp. 3d at 739 (citing *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 144 (2d Cir. 2004)). I conclude that under the circumstances of this matter, the two-week delay in seeking to seal is not sufficient to warrant denying the motion to seal.